**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| LEE EVANS DUNIGAN, )<br>    Plaintiff, )<br>    )<br>v.    )   CAUSE NO.: 2:21-CV-2-JVB-JPK<br>    )<br>    )<br>PHILIP P. SIMON, )<br>    Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on a complaint under 42 U.S.C. § 1983 [DE 1] by Lee Evans Dunigan, a prisoner proceeding without a lawyer. Pursuant to 28 U.S.C. § 1915A, the Court must screen the complaint to determine whether it states a claim for relief. In doing so, the Court must bear in mind that "[a] document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Dunigan alleges that U.S. District Judge Philip P. Simon committed "perjury" in *Dunigan v. Springmann*, 2:20-cv-410-PPS-JEM (N.D. Ind. closed November 19, 2020). Specifically, he accuses Judge Simon of misconstruing the allegations in his complaint when dismissing his case under 28 U.S.C. § 1915A. This is Dunigan's third time suing judges in this District. He has sued U.S. District Judge Theresa L. Springmann twice over her handling of an earlier civil rights suit. See *Dunigan v. Springmann*, 2:20-cv-477-JTM-JEM (N.D. Ind. filed Dec. 23, 2020); *Dunigan v. Springmann*, 2:20-cv-410-PPS-JPK (N.D. Ind. closed Nov. 19, 2020). Judge Simon's order arose in one of the two cases Dunigan filed against Judge Springmann.

To the extent Dunigan is trying to initiate criminal "perjury" charges against Judge Simon, he has no ability to do so as a private citizen. *See United States v. Palumbo Bros., Inc.*, 145 F.3d

850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General." (citation and internal quotation marks omitted)); see also *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Moreover, Judge Simon has absolute immunity from suit for his rulings in Dunigan's case.[1] *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). There is an exception to the absolute immunity doctrine where the judge acts "in the absence of all jurisdiction," *Polzin*, 636 F.3d at 838, but the Court finds no basis in the complaint to plausibly infer that Judge Simon acted "in the absence of all jurisdiction" by dismissing a civil rights case that was assigned to him. If Judge Simon committed errors, Dunigan's remedy is through an appeal, not a civil lawsuit. *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). The complaint therefore fails to state a claim for relief.

Ordinarily, the Court should afford a pro se litigant an opportunity to replead before dismissing a case with prejudice. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, the Court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). The Court finds no basis to conclude that, if given another

---

[1] Technically, because Judge Simon is a federal government actor, a claim against him must be brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Judicial immunity also applies to *Bivens* actions. *See Antoine v. Byers & Anderson, Inc*., 508 U.S. 429, 433 n.5 (1993). Dunigan appears to believe that a claim for injunctive relief is not barred by judicial immunity, but this is incorrect. *See Haas v. Wisconsin*, 109 F. App'x 107, 114 (7th Cir. 2004); *Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003).

opportunity, Dunigan could state a viable federal claim against Judge Simon consistent with the allegations he has already made.

As a final matter, Dunigan is cautioned against reasserting these or similarly frivolous allegations in another lawsuit. He has already been told more than once that he cannot initiate criminal charges or assert a civil claim against judges in this District based on their rulings in his cases. If he persists in this course of conduct, he risks the imposition of monetary sanctions, filing restrictions, and other penalties.

For these reasons, the Court **DISMISSES** this case pursuant to 28 U.S.C. § 1915A and **DIRECTS** the clerk to close this case.

SO ORDERED on January 7, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT